UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| RONALD R. HARVEY | NO. 05-0060-RET-DLD |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 20th day of February, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS

RONALD R. HARVEY                                            NO. 05-0060-RET-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the motion by the defendant, Ronald R. Harvey, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed an opposition. There is no need for oral argument or for an evidentiary hearing.

On June 22, 2005, the defendant pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He now challenges his sentence of sixty-three (63) months in confinement, together with two (2) years of supervised probation, contending that he received ineffective assistance of counsel because his trial counsel failed to object to a two-point upward enhancement at sentencing for "obstruction of justice", and his appellate counsel failed to adequately brief the trial court's alleged error in failing to award a two-point level decrease for acceptance of responsibility and in failing to file a writ of certiorari with the United States Supreme Court. These claims will be addressed by the Court in turn.

Pursuant to stipulated facts contained in the plea agreement, the petitioner was initially convicted on May 20, 2004, in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, of possession of marijuana with intent to distribute. The petitioner was placed on probation for a period of five (5) years. Thereafter, on July 8, 2004, during a routine residence check by a probation officer, the officer observed a handgun on the petitioner's bedroom

windowsill. When questioned about the handgun, the petitioner denied ownership of same but admitted to ownership of an AK-47 assault rifle which was located by his bed.

The standard for determining whether a defendant has received effective assistance of counsel within the limits of the Sixth Amendment right to counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the Court recognized that the Sixth Amendment right to counsel is the right to reasonably effective assistance. The Court established a two-prong test for determining when reversal of a conviction is necessary to protect the defendant's Sixth Amendment right. "First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defendant." Id. at 687, 104 S.Ct. at 2064. If the Court finds that either of these elements is not met, it must reject the claim.

In determining whether counsel was deficient, the Court emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688, 104 S.Ct. at 2065. The Court should consider all circumstances to determine whether the attorney's conduct was objectively reasonable. See United States v. Walker, 68 F.3d 931 (5th Cir. 1995), cert. denied, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. The test for actual prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694, 104 S.Ct. at 2068.

First, the defendant contends that his trial counsel was ineffective for failing to object to a two-point upward enhancement at sentencing for "obstruction of justice". This contention is clearly without merit. From a review of the Statement of Reasons issued by the Court for the sentence imposed, it is clear that the two level upward enhancement complained of was not for any alleged

obstruction of justice. Rather, as stated by the Court, "considering the information contained in the presentence report reflecting the high capacity firearm, specifically a replica of an Avtomat Kalashnikov, a two level increase is warranted." Accordingly, it is clear that the two level increase in the instant case resulted from the presence of the high capacity firearm and not from any obstruction of justice as maintained by the petitioner. There was therefore no basis for petitioner's counsel to object to the enhancement as he asserts, and this claim is therefore without merit and must be rejected.

The petitioner next contends that his appellate counsel was ineffective for failing to adequately brief the petitioner's claim that the trial court erred in failing to award a two-point level decrease for acceptance of responsibility. This claim is also without merit. According to the record, it appears that after pleading guilty on June 22, 2005, and while awaiting the results of his presentence review, the United States filed an ex parte motion to revoke the petitioner's release pending sentencing. In this motion, and at a subsequent hearing on the issue, the United States asserted that the petitioner had violated the conditions of his supervised release by testing positive for hydrocodone on one occasion and for opiates on another occasion. In addition, in a separate incident, the petitioner was asserted to have been operating a motor vehicle without a valid license, and the vehicle was also found to contain methamphetamine pills in the console and to have a strong smell of marijuana. Finally, the petitioner was found to have been somewhat untruthful with his probation officers, specifically with regard to where he was residing at the time. And with regard to the hydrocodone, although the petitioner asserted that he had a valid prescription for this medication, he acknowledged that he had not informed his probation officer about this prescription prior to the drug test, and he acknowledged that the prescription which he produced had an incorrect address and birth date on it. Based upon these factors, the trial judge denied the downward adjustment for acceptance of responsibility.

Although the petitioner complains of his appellate counsel's failure to adequately brief the issue of denial of the downward adjustment, there is no basis for concluding that the petitioner would have achieved any success in connection with this claim. Contrary to the petitioner's assertion, there were no legitimate grounds for counsel to more thoroughly brief this issue. Although the entry of a guilty plea prior to trial constitutes significant evidence of an acceptance of responsibility, it does not entitle a criminal defendant to a reduction as a matter of right. See United States v. Shipley, 963 F.2d 56 (5th Cir.), cert. denied, 506 U.S. 925, 113 S.Ct. 348, 121 L.Ed.2d 263 (1992), citing U.S.S.G. § 3E1.1(b). A district court may properly deny a reduction for acceptance of responsibility where the defendant engages in criminal conduct while on pretrial release. See United States v. Hooten, 942 F.2d 878 (5th Cir. 1991); United States v. Watkins, 911 F.2d 983 (5th Cir. 1990). This includes using a controlled substance or testing positive for illegal drugs. See United States v. Rickett, 89 F.3d 224 (5th Cir.), cert. denied, 519 U.S. 1000, 117 S.Ct. 499, 136 L.Ed.2d 391 (1996); Watkins, supra. Accordingly, because the petitioner in this case tested positive for controlled substances while on pretrial release, in addition to the other factors noted by the Court at sentencing, appellate counsel was not ineffective for failing to more energetically brief this issue before the United State Court of Appeal for the Fifth Circuit. "Counsel cannot be deficient for failing to press a frivolous point." Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). For this reason, the petitioner's claim must be rejected.

Finally, the petitioner contends that his appellate counsel was ineffective for failing to file an application for a writ of certiorari to the United State Supreme Court. The granting of a petition for writ of certiorari by the Supreme Court, however, is a matter of judicial discretion. See Sup.Ct.R. 10; Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). In addition, the Supreme Court has held that criminal defendants have no right to counsel in pursuing discretionary review. See Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (case arising from state court conviction); Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d

475 (1982) (same). Therefore, the petitioner in this case did not have a constitutional right to counsel in seeking a writ of certiorari, and absent such a right, the petitioner cannot assert a constitutional violation based upon his counsel's allegedly defective performance in failing to do so. Accord, Washpun v. United States, 109 Fed.Appx. 733 (6th Cir. 2004), cert. denied, 543 U.S. 1077, 125 S.Ct. 934, 160 L.Ed.2d 819 (2005) ("Because [petitioner] has no constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he cannot claim that his counsel's failure to raise an Apprendi claim in that petition amounted to ineffective assistance"); McNeal v. United States, 1995 WL 290233 (6th Cir. May 11, 1995) (holding that counsel's failure to file a petition for rehearing and application for writ of certiorari was not a constitutional violation); Stuut v. United States, 2005 WL 1389181 (W.D. Mich. June 10, 2005) (holding that claim of appellate counsel's ineffectiveness based upon failure to file petition for rehearing and for allowing 90-day period for filing a writ of certiorari to expire did not raise constitutional violation); United States v. Ferrell, 730 F.Supp. 1338 (E.D. Pa. 1989) (holding that petitioner did not have constitutional right to appeal his criminal conviction or to have appellate counsel pursue an application for review in the Supreme Court). Finally, when faced with a similar assertion by a petitioner in the Fifth Circuit, the Court stated, "[w]e find the suggestion that [petitioner's] conviction is constitutionally infirm because his attorney did not file a petitioner for certiorari totally devoid of merit." United States v. Lauga, 762 F.2d 1288 (5th Cir.), cert. denied, 474 U.S. 860, 106 S.Ct. 173, 88 L.Ed.2d 143 (1985). For this reason, the petitioner's assertion in this regard must fail.

Based upon the foregoing, the Court concludes that the petitioner has failed to establish that his counsel was ineffective, either through failure to perform in a reasonably professional manner or through any conduct which caused prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, the defendant is not entitled to relief under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Baton Rouge, Louisiana, this 20th day of February, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE